IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORA BOGANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-664 |
| | § | |
| CVS PHARMACY, INC; SECURITAS | § | |
| SECURITY SERVICES USA, INC.; and | § | |
| THIERNO BALDE, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER DENYING MOTION TO REMAND**

Debora Bogany sued CVS Pharmacy, Inc., Securitas Services USA, Inc., and an unidentified defendant in state court, alleging negligence and premises liability based on an injury Bogany allegedly sustained at a Houston-area CVS store in November 2017. (Docket Entry No. 1-2). Securitas and CVS timely removed. (Docket Entry Nos. 1, 7). Bogany filed an amended complaint adding Thierno Balde as a defendant and moved to remand, arguing that this court lacks subject-matter jurisdiction because the parties are no longer completely diverse. (Docket Entry No. 8, 9). Bogany and Balde are both Texas citizens. (Docket Entry No. 8 at 2–3).

The parties dispute whether: (1) CVS and Securitas are diverse; (2) removal was proper; and (3) Bogany improperly joined Balde. Noting that the removing party has the burden to establish diversity jurisdiction, the court addresses each issue in turn. *Baker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013).

Bogany argues that CVS and Securitas are Texas citizens because they have "registered agents in Texas and are licensed to do business in . . . Texas." (Docket Entry No. 9 at 2). This argument is foreclosed by the well-settled rule that "[f]or the purposes of diversity jurisdiction, a

corporation is the citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (citing 28 U.S.C. § 1332(c)(1)). The notice of removal states that Securitas is a Delaware corporation with its principal place of business in New Jersey. (Docket Entry No. 1 at 3). CVS's joinder in removal states that CVS is a Rhode Island corporation and that its principal place of business is also located there. (Docket Entry No. 7 at 2). Bogany does not dispute these statements. (*See* Docket Entry No. 9 at 1–5). The court finds that diversity exists between Bogany, a Texas resident, and CVS and Securitas.

Bogany also argues that removal was improper because adding Balde, a Texas resident, after remand, destroyed diversity. (Docket Entry No. 9 at 2–3). In evaluating Bogany's motion to remand, the court "consider[s] the claims in the state court petition as they existed at the time of removal." *Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 313–14 (5th Cir. 2015) (emphasis omitted). Bogany's Texas petition named an unidentified "John Doe," not Balde, as an individual defendant. (*See* Docket Entry No. 1-2 at 1–2). The removal statute provides that "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Because CVS and Securitas are not Texas citizens, removal was proper.

CVS and Securitas argue that Balde was improperly joined. (Docket Entry No. 15 at 5–9; Docket Entry No. 17 at 6–8). "[Improper] joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (quoting *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004)). To show that Bogany is unable to establish a cause of action against Balde, CVS and Securitas must

demonstrate that there is no reasonable basis to believe that Bogany can recover from him. *Id.* None of the amended complaint's causes of action names Balde or alleges that he is liable for Bogany's injury. (*See* Docket Entry No. 8 at 3–4). As a result, Bogany cannot recover from Balde, and the court dismisses him from the action as an improperly joined party. *Mumfrey*, 719 F.3d at 401.

Complete diversity exists and removal was proper. The motion to remand is denied. (Docket Entry No. 9). The initial conference set for **May 29, 2019**, will proceed as scheduled.

SIGNED on May 3, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge